IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


KAREN E. CROFT,

    Plaintiff,

v.                                                CASE NO. 1:05-cv-00015-MP-AK

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

        This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be reversed, and the cause remanded for further proceedings. The Magistrate Judge filed the Report and Recommendation on Friday, August 18, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made. In this instance, however, no objections were made.

        The Magistrate's Report recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by

substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Plaintiff raises eight separate arguments for reversing the decision of the Administrative Law Judge.  Doc. 18.  The Court agrees with the Magistrate that several grounds raised by Plaintiff merit reversal: the ALJ failed to articulate sufficient cause for discrediting Plaintiff's subjective complaints of pain, and that because of this, the ALJ did not pose a hypothetical to the vocational expert that included all of Plaintiff's impairments or the combined effect of all of her impairments.

This case centers on steps two and five of the sequential evaluation process for determining if a claimant has proven that they are disabled.   The claimant must first prove that they are not engaged in substantial gainful activity.  At the second step, the claimant must prove that they have a severe impairment or combination of impairments.  After the claimant either is found automatically disabled in step three or proves in step four the inability to perform their past relevant work, the burden shifts to the Commissioner in step five to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform.  See 20 C.F.R. § 416.920.   Step five is accomplished either through reliance on the Medical Vocational Guidelines or the testimony of a vocational expert.

In this case, the ALJ relied on the testimony of the vocational expert to determine whether Plaintiff could perform other jobs in the national economy.  "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  Because a claimant must prove severe impairment at step two, the ALJ is only required to pose in the hypothetical to the expert those limitations he finds severe.  Pendley v.

Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).

The hypothetical the ALJ posed to the vocational expert did not include any restrictions due to claimant's abdominal pain or fatigue, did not mention the use of narcotic medication as a factor in her ability to work, or her report of daily vomiting, although he specifically found Plaintiff to have chronic abdominal pain and pernicious anemia. (R. 17).  Because Plaintiff's subjective complaints of chronic pain are supported by objective medical evidence of a condition reasonably expected to produce these symptoms, this testimony must be accepted as true as a matter of law if the ALJ fails to articulate adequate reasons for discrediting subjective pain testimony.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The Court agrees with the Magistrate that the ALJ failed to articulate sufficient cause for discrediting Plaintiff's subjective testimony describing these conditions and limitations.  The ALJ primarily relied on Plaintiff's noncompliance with doctor's instructions to stop smoking, and that Plaintiff's continued smoking interfered with her gastrointestinal function and flow.  It is unclear from the record whether Plaintiff's complaints of abdominal pain and daily vomiting are linked to her smoking or her surgeries.  Thus, in order for the ALJ to have discredited Plaintiff's subjective complaints solely due to noncompliance, the ALJ should have made additional findings of cause regarding Plaintiff's failure to follow the medical advice given.

Because Plaintiff's testimony must then be accepted as true, it should have been included in the hypothetical presented to the expert.   Therefore, the hypothetical question posed to the vocational expert did not comprise all of the Plaintiff's impairments, and the expert's testimony cannot constitute substantial evidence.  As a result, this case must be remanded for additional expert testimony regarding claimant's abdominal pain or fatigue, use of narcotic medication, and

daily vomiting.

Therefore, because the ALJ's decision was not supported by substantial evidence, it is reversed and the case remanded. On remand, additional vocational expert testimony should include an assessment of Plaintiff's abdominal pain, fatigue, weakness, reported nausea and daily vomiting, and the use of narcotic pain medication on her ability to work. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this order.

3. If on remand Plaintiff is awarded past due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits.

4. The Clerk is directed to close this case.

**DONE AND ORDERED** this  *10th* day of October, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge